UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cr-00062-RLY-DML ) |
| CHRISTOPHER DAVIS, | ) -02 ) |
| Defendant. | ) ) |

**Order Denying Motion for Reconsideration**

In April 2021, the court denied defendant Christopher Davis's motion to reduce his sentence. Dkt. 326. Mr. Davis filed a notice of appeal related to this Order, dkt. 327, and the appeal remains pending. In June 2021—despite having filed a notice of appeal—Mr. Davis filed a motion for reconsideration of the denial of his motion to reduce sentence. Dkt. 334. Because of the pending appeal, this court has three options for addressing the motion for reconsideration: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." *United States v. Barrett*, 834 F. App'x 264, 265 (7th Cir. 2021) (cleaned up); *see also* Fed. R. Crim. P. 37(a). For the reasons stated below, the court denies Mr. Davis's motion for reconsideration.

**I. Legal Standard**

"[M]otions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). Because Mr. Davis filed his motion for reconsideration more than 28 days after the court denied his motion to reduce sentence, the court considers the motion for reconsideration as filed under Federal Rule of Civil Procedure 60(b).

Federal Rule of Civil Procedure 60(b) allows a district court to relieve a party from a final judgment or order in six discrete circumstances, only three of which are potentially relevant to this case: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "The district court has great latitude in making a Rule 60(b) decision because that decision is 'discretion piled on discretion.'" *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (quoting *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir. 1996)). Relief under Rule 60(b) is an "extraordinary remedy . . . granted only in exceptional circumstances." *Davis v. Moroney*, 857 F.3d 748, 751 (7th Cir. 2017).

## II. Discussion

Mr. Davis has not established that he is entitled to the extraordinary remedy of relief under Rule 60(b). While Mr. Davis takes issue with several statements in the court's Order, *see* dkt. 334, he fails to address the court's conclusion that the sentencing factors in 18 U.S.C. § 3553(a) weigh against his requested sentence reduction, *see* dkt. 326. In denying his motion to reduce sentence, the court determined that the § 3553(a) factors weighed against a sentence reduction because Mr. Davis committed multiple armed robberies in Indiana and Ohio, he brandished a gun during the robberies, and he has served only a small percentage of his sentence. *Id.* at 8. These facts remain true, and the court continues to believe that these facts weigh against a sentence reduction.

## III. Conclusion

Because the facts underlying the court's conclusion that the § 3553(a) factors weigh against a sentence reduction remain true, Mr. Davis has not established that he is entitled to relief under Federal Rule of Civil Procedure 60(b). Accordingly, his motion for reconsideration, dkt. [334], is **denied**.

   **IT IS SO ORDERED.**

Date:
   10/19/2021

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Christopher Davis, #15718-028
FCI Loretto
Federal Correctional Institution
P.O. Box 1000
Cresson, PA 16630

All Electronically Registered Counsel